FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOGAN D. DECHENNE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SPOKANE, TAMI M. CHAVEZ, AND CONNOR TANGEMAN,<br><br>　　　　　　　Defendants. | NO. 2:25-CV-0050-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT are Defendants' Motions to Dismiss. ECF Nos. 4 and 6. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motions to Dismiss are **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

## BACKGROUND

Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983 for seizing Plaintiff's Glock 19 pistol, violation of Plaintiff's Second Amendment right to bear arms, and denying him a hearing or opportunity to contest the seizure. See ECF No. 1.

Defendants seek dismissal because the Spokane County Superior Court Commissioner Chavez signed an order for the seizure of Plaintiff's firearm as part of a Temporary Protection Order and Hearing Notice and an Order to Surrender and Prohibit Weapons against Plaintiff.

## DISCUSSION

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the

elements." *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court

1  may also disregard conclusory allegations and arguments which are not supported
2  by reasonable deductions and inferences. *Id*.

3      The Court "does not require detailed factual allegations, but it demands
4  more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,
5  556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain
6  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
7  on its face.'" *Id.* at 678 (citation omitted). A claim may be dismissed only if "it
8  appears beyond doubt that the plaintiff can prove no set of facts in support of his
9  claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

10     Commissioner Chavez issued a Temporary Protection Order and an Order to
11 Surrender and Prohibit Weapons against Plaintiff. Commissioner Chavez has
12 absolute judicial immunity for performing her role as a judge. *Taggart v. State*,
13 118 Wn.2d 195, 203 (1992); *Pierson v. Ray*, 386 U.S. 547 (1967).

14     Officer Tangeman's conduct did not violate Plaintiff's constitutional rights.
15 Officer Tangeman role in this matter arose from his mandatory duty to take
16 Plaintiff's firearm pursuant to the Order of the Spokane County Superior Court,
17 and therefore he is entitled to quasi-judicial immunity from Plaintiff's claims.
18 *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 236
19 (2009). The City of Spokane only operated through Commissioner Chavez and
20

Officer Tangeman who are both immune from suit. So, the City of Spokane is also immune from this suit.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motions to Dismiss, ECF Nos. 4 and 6, are **GRANTED**.

This case is **DISMISSED with Prejudice**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, enter Judgment for Defendants, and **CLOSE** the file.

**DATED** April 11, 2025.

THOMAS O. RICE
United States District Judge